L **IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060 |
| | Master Docket No. 23-cv-0818 |
| This document relates to: | |
| EVELYN L. KEATON, | Case No. 1:24-cv-01467 |
| *Plaintiff,* | Judge Mary M. Rowland |
| v. | |
| L'OREAL USA, INC., *et al.*, | |
| *Defendants.* | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Walgreen Co.'s ("Defendant" or "Walgreens") Motion to Dismiss the case of Plaintiff Evelyn L. Keaton, as Personal Representative of the Estate of Elva Jean Keaton, ("Plaintiff" or "Keaton") under Rules 12(b)(1) and 12(b)(6). [24, 25][1]. For the reasons stated herein, Walgreens's motion is granted.

### I.      **Background**

The factual allegations from the MDL Master Long Form Complaint ([106] on MDL 3060 docket 23-cv-818, ("Master Complaint")) and Keaton's Short Form Complaint ([1], ("SFC")) are accepted as true for the purposes of the motion to dismiss.

---

[1] Walgreens also filed its Motion on the main docket for MDL 3060, 23-cv-818. *See* 23-cv-818 [885, 886]. The Motion filed on the main MDL docket and the Motion filed on Plaintiff Keaton's individual member docket are identical.

*See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).[2]

On May 15, 2023, the Plaintiff Leadership Committee ("PLC") filed a Master Long Form Complaint against numerous other defendants ("Phase I Defendants"), not including Walgreens, in this multidistrict litigation. 23-cv-818 [106]. The PLC alleged plaintiffs in the MDL suffered personal injuries and death as a result of their use of defective hair relaxers designed, manufactured, sold, distributed, and marketed by the Phase I Defendants named in the Master Long Form Complaint. *Id.* ¶¶ 5, 10. The Master Complaint contains no factual or legal allegations against Walgreens.

On February 21, 2024, Plaintiff Keaton named Walgreens as a defendant in her SFC. [1] ¶ 11. She is the first and, at this time, the only Plaintiff in the MDL to sue Walgreens. 23-cv-818 [787] at 1. Pursuant to Court orders governing MDL 3060, the PLC evaluated whether to add Walgreens as a defendant to the MDL and ultimately declined to lodge a complaint against Walgreens "given the paucity of cases pending against [the] defendant." 23-cv-818 [787] at 2. Accordingly, the only allegations asserted against Walgreens are those raised by Plaintiff, not the PLC in the Master Complaint.

Plaintiff Keaton initiated this suit in her capacity as the Personal Representative of the Estate of Elva Jean Keaton, Ms. Keaton's deceased sister. *See*

---

[2] The Court adopted the short form complaint on August 3, 2023. Pursuant to the Court's Case Management Order ("CMO") No. 7, "[f]or each action in the MDL, subject to this Order, the Master Complaint, together with the Short Form Complaint shall be deemed the operative complaint." MDL 3060 Docket [175] at 1. This opinion sometimes refers to the Master Complaint and Keaton's SFC together as the "Keaton Complaint."

[1]. She brings the following claims against Walgreens: Breach of Implied Warranty of Merchantability/Fitness for a Particular Use (Count VI); Breach of Express Warranty under state law and the Magnuson-Moss Warranty Act (Count VII); and Unjust Enrichment (Count XI). [1] ¶ 11. Concurrently with her opposition to Walgreens's motion to dismiss, Keaton filed a motion for leave to amend her SFC or in the alternative to compel the PLC to lodge a Master Complaint against Walgreens. [30]. The motion set forth allegations and legal arguments identical to those included in Plaintiff's opposition brief and the Court denied leave to amend (and compel) and indicated it would consider the new allegations and legal arguments in the opposition brief. [31]. Before the Court now is Walgreens's motion to dismiss the complaint in its entirety. [24]; [25].

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements

3

of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009)). A facial challenge argues that the plaintiff has not sufficiently alleged a basis for subject matter jurisdiction, while a factual challenge contends that even if the pleadings are sufficient there is in fact no subject matter jurisdiction. *Id.* "[W]hen evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly-Iqbal*'s 'plausibility' requirement." *Id.* at 174. If, however, the defendant contests the truth of the jurisdictional allegations—a factual challenge—the Court may look beyond the pleadings and view

4

any competent proof submitted by the parties to determine if the plaintiff has established subject matter jurisdiction by a preponderance of the evidence. *See id.* at 173. If a "complaint is facially sufficient but external facts call the court's jurisdiction into question, we 'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) (quoting *Apex Digital*, 572 F.3d at 444).

## III.   Analysis

Walgreens moves to dismiss all of Plaintiff Keaton's claims. Defendant argues Plaintiff failed to plead facts sufficient to establish Article III standing. Walgreens also moves to dismiss the Keaton Complaint in its entirety because the allegations do not state any claim.

### a. Article III Standing

Walgreens asserts that Plaintiff has not alleged facts demonstrating that she has Article III standing. To establish Article III standing, a plaintiff must demonstrate that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Fox v. Dakkota Integrated Sys.*, LLC, 980 F.3d 1146,1151 (7th Cir. 2020).

Here, Walgreens raises no external facts to question the Court's jurisdiction, *see Apex Digital*, 572 F.3d at 444, but instead contends Plaintiff has not sufficiently pleaded facts to establish Article III standing. *See* [25] at 6–7; [32] at 2–5. Thus, the Court treats Defendant's motion as a facial challenge, not a factual challenge. "[I]n

5

evaluating whether a complaint adequately pleads the elements of standing, courts apply the same analysis used to review whether a complaint adequately states a claim: 'Courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *Silha*, 807 F.3d at 173 (alterations accepted) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

Walgreens contends Plaintiff has failed to plead how her injuries are fairly traceable to the challenged conduct, and thus, cannot establish Article III standing. [25] at 6–7; [32] at 2–5. Traceability examines the causal relationship between the allegedly unlawful conduct and the asserted injury. *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1025 (7th Cir. 2024) (quoting *Allen v. Wright*, 468 U.S. 737, 753 n.19 (1984)); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (explaining the injury must be traceable to the defendant's challenged conduct and "not the result of the independent action of some third party not before the court.") (cleaned up). Defendant's conduct need not be the immediate cause of a plaintiff's injuries to satisfy the traceability element. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 n.6 (2014). But where the causal chain is "attenuated," traceability cannot be established. *Allen*, 468 U.S. at 757. In short, a plaintiff must show a "meaningful [] connect[ion]" between the aggrieved injury and defendant's conduct. *Dep't of Ed. v. Brown*, 600 U.S. 551, 568 (2023).

Defendant contends the Keaton Complaint fails to establish the causal connection between Plaintiff's alleged uterine cancer-related injuries and Defendant's alleged conduct regarding the hair relaxer products it sold. [25] at 6–7;

6

[32] at 2–5. Plaintiff Keaton claims her deceased sister used hair relaxer products and purchased hair relaxer products from Walgreens, including Soft n Beautiful Relaxer Kit for Coarse Hair, on at least one occasion.[3] [29] ¶ 8; Exhibit A. Plaintiff alleges Walgreens provides no warning that the hair relaxer products it sells could cause cancer or reproductive harm to the buyer and user. *Id.* ¶¶ 7–8. But, in contrast, Walgreens warns the products may cause potential blindness. *Id.* Plaintiff claims discovery is needed to determine whether Walgreens "knew of cancer or reproductive harm risks of hair relaxer products and made a decision to not warn as to that on their website product pages." *Id.* ¶ 7. Plaintiff also alleges her sister relied on information retailers provided about hair relaxer products she purchased: she claims her sister "usually read product packaging and online product pages" and the information relayed was a "factor in whether she used a product." *Id.* ¶ 20(A). Plaintiff Keaton argues these allegations provides a sufficient nexus between Walgreens's conduct and her claimed injuries. *Id.* ¶ 8. Plaintiff asserts the failure to warn on labels or online postings applies equally to sellers of the hair relaxer products as to manufacturers of the products.[4] *Id.*

In sum, Plaintiff claims her sister bought defective hair relaxer products from

---

[3] Plaintiff separately attached to her response brief receipts she claims she uncovered in her deceased sister's email showing purchases of hair relaxer products from Walgreens and a letter to Walgreens's counsel discussing settlement. *See* [29] at 10–13. The settlement communications are confidential and are not admissible for any purpose pursuant to Fed. R. Evid. 408. The Court will not consider them in relation to this motion.

[4] Plaintiff Keaton repeatedly argues her allegations against Walgreens are similar to and should be treated akin to claims lodged against Sally Beauty Holdings, Inc. d/b/a Silk Elements. *See, e.g.*, [29] ¶ 19. But Plaintiff fails to recognize that the claims against Sally Beauty relate to the marketing of its hair relaxer product, Silk Elements, *not* as a retailer. *See* [106] ¶ 59(p). Thus, Walgreens and Sally Beauty are not similarly positioned.

Walgreens—though she does not identify which products other than one single purchase in 2010—and alleges Defendant's product information page does not warn about alleged cancer risks—though she does not identify which specific product information pages nor does she allege any specific misrepresentations nor does she describe the alleged health risks with any degree of specificity. Plaintiff does not even contend Walgreens knew or should have known about any alleged cancer risks and instead concedes discovery is needed on the issue. These allegations, read as a whole, do not give rise to a plausible inference that Defendant's conduct is meaningfully connected to Plaintiff's claimed injuries. *See Baysal v. Midvale Indem. Co.*, 78 F.4th 976, 978 (7th Cir. 2023), *reh'g denied*, No. 22-1892, 2023 WL 6144390 (7th Cir. Sept. 20, 2023) (whether plaintiffs' injury was traceable to the asserted wrong was too speculative where plaintiffs did not explain how, if at all, unlawful disclosure of a driver's license number could have contributed to an unemployment insurance scam). More is needed to satisfy Article III's requirement of a "causal connection between the injury and the conduct complained of." *Brown*, 600 U.S. at 561 (quoting *Lujan*, 504 U.S. at 560).

### b. Sufficiency of the Allegations

Defendant also argues the Keaton Complaints lacks sufficient allegations against Walgreens to state a claim for breach of implied warranty of merchantability/fitness for a particular use (Count VI), breach of express warranty under state law and the Magnuson-Moss Warranty Act (Count VII); and unjust enrichment (Count XI). [25] at 8–13; [32] at 5–8. The Court agrees. Even if Plaintiff sufficiently pleaded standing, she has not stated a claim against Walgreens.

### i. Warranty Claims

Keaton claims breach of implied warranty and breach of express warranty under state law[5] and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ("MMWA"). [1] ¶ 11.

A claim for breach of implied warranty of fitness for a particular purpose requires plaintiffs allege that "(1) the seller had reason to know of the particular purpose for which the buyer required the goods; (2) the buyer relied on the seller's skill and judgment to select suitable goods; and (3) the seller knew of the buyer's reliance on its skill and judgment." *Corwin v. Connecticut Valley Arms, Inc.*, 74 F. Supp. 3d 883, 891 (N.D. Ill. 2014) (quoting *In re McDonald's French Fries Litig.*, 503 F. Supp. 2d 953, 957 (N.D. Ill.2007)) (applying Illinois law)); *Swan Lake Holdings, LLC v. Yamaha Golf Cart Co.*, 2010 WL 3894576, at *4 (N.D. Ind. Sept. 27, 2010). And to state a claim for breach of the implied warranty of merchantability, "a plaintiff must allege that (1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect." *Corwin*, 74 F. Supp. 3d at 891; *see also Swan Lake Holdings*, 2010 WL 3894576, at *4.

Regardless of whether Keaton relies on a theory of implied warranty of fitness for a particular purpose or a general implied warranty of merchantability, she has failed to present allegations that rise above a speculative and conclusory level. If Keaton wants to litigate an implied warranty for a particular purpose claim, she must

---

[5] The Court analyzes state claims under the laws of Illinois and Indiana, where Plaintiff alleges her deceased sister lived and purchased and used hair relaxer products. [1] ¶ 2.

allege that her deceased sister relied on Walgreens's judgment to select suitable products and that Walgreens had reason to know of her sister's reliance. Plaintiff pleads only general allegations that "a person such as [her] sister purchases a hair relaxer product, she relies on information about the product by the retailer" and that her sister was careful about what touched her body such that she usually read product information pages. This is not enough. If Plaintiff wishes to pursue a general implied warranty of merchantability claim, she must provide facts that detail how the hair relaxer products were defective pursuant to Indiana or Illinois law. *See* 810 Ill. Comp. Stat. 5/2-314; *see also* Ind. Code § 26-1-2-314. She has not done so. Keaton only references general online information not tied to any specific product purchased or used by her sister. This is insufficient. Therefore, Plaintiff has not stated a claim for breach of implied warranty under Illinois or Indiana law.

An express warranty claim requires that a seller: "(1) made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) guaranteed that the goods would conform to the affirmation or promise." *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 714 (N.D. Ill. 2020). To state a claim for breach of express warranty, a plaintiff "must show that [defendant] breached an affirmation of fact or promise that was made a part of the basis of the bargain." *Bakopoulos v. Mars Petcare US, Inc.*, 592 F. Supp. 3d 759, 756 (N.D. Ill. 2022) (applying Illinois law) (cleaned up); *see also Conyer v. Forest River, Inc.*, 688 F. Supp. 3d 809, 812 (N.D. Ind. 2023) (applying Indiana law). Illinois and Indiana law

require that express warranties be created through an "affirmation of fact or promise made by the seller to the buyer." 810 ILCS 5/2-313(1)(a); Ind. Code §26-1-2-313(1)(a).

Here, Plaintiff Keaton does not allege any "facts or promises" made by Walgreens that formed the basis of the bargain. *See* [29]. To the contrary, the only contention relating to representations made by Walgreens about the hair relaxer products it sold are warnings about risks of blindness that appear on product information pages online. *See id.* ¶¶ 7–8, 20(B). That is insufficient. *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 740 (N.D. Ill. 2015) (dismissing express warranty claim where plaintiff did not "sufficiently set out the terms of a single specific affirmation of fact or promise") (internal quotation omitted). Accordingly, Plaintiff has not stated a claim for breach of express warranty under Illinois or Indiana law.

Finally, Keaton's MMWA claim fails as well. The MMWA "does not provide an independent basis for liability; it only provides for federal jurisdiction for [the] state claims." *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001). An MMWA claim rises and falls with the underlying state law claim. *Id.* The Court thus dismisses the MMWA claim against Walgreens for the same reasons it dismissed the express and implied warranty claims.

### ii.    Unjust Enrichment

To state a claim for unjust enrichment under both Illinois and Indiana law, a plaintiff must allege that the defendant unjustly received a benefit from plaintiff and the retention of the benefit "violates fundamental principles of justice, equity, and good conscience." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011) (applying Illinois law); *see also Hughes v. Chattem, Inc.*, 818 F. Supp. 2d 1112, 1124

(S.D. Ind. 2011) (applying Indiana law). There is some dispute as to whether unjust enrichment is an independent claim, *see Cleary*, 656 F.3d at 516–18, but the Court need not resolve this issue because Keaton's allegations are insufficient to support a claim for unjust enrichment.

Plaintiff argues Walgreens should not be "able to sell the hair relaxer product[s] and make money from [the sale of the products with undisclosed potential health risks]." [29] ¶ 20(C). Keaton does not allege sufficiently how Walgreens's retention of the money is to her detriment or provide more than conclusory allegations regarding how the retention "violates fundamental principles of justice, equity, and good conscience." *Cleary*, 656 F.3d at 516. The Court dismisses Plaintiff's unjust enrichment claim.

## CONCLUSION

For the stated reasons, Defendant Walgreens's Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) [24, 25] is granted. Walgreens is dismissed from this action. If Keaton wants to amend her complaint as to Walgreens, by July 20, 2025, she must file a motion to amend her complaint pursuant to Fed. R. Civ. P. 15. This ruling does not affect Plaintiff's claims against other MDL Defendants.

E N T E R :

Dated: June 20, 2025

_____
MARY M. ROWLAND
United States District Judge

12